ELISA SOTO WIDOW OF MARTÍNEZ, Appellant, *v.* THE REGIS-
TRAR OF PROPERTY OF GUAYAMA, Respondent.

No. G-63-9. Decided December 18, 1963.

*Domínguez & Domínguez* for appellant. The registrar appeared
by brief.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge
of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: The Registrar of Guayama, Tomás Bernar-
dini Palés, recorded a deed executed before Notary Luis
Domínguez Rovira with two curable defects of (1) "failing
to state the equivalent area of the farm in the metric system,"
and (2) "failing to establish authentically the date of pay-
ment of the selling price and the date on which the vendee,
Elisa Soto Widow of Martínez, became a widow."

(a) The date on which the vendee became a widow ap-
pears in the deed. The recital says:

"Elisa Soto Widow of Martínez, of legal age, housewife,
widow (her husband died in the month of August, nineteen

hundred and fifty-nine), and a resident of Aibonito, Puerto Rico . . ."

(b) The date of the payment of the selling price also appears specifically. The deed states:

"This sale is effected in consideration and for the exact price stipulated and agreed upon, of two thousand eight hundred dollars ($2,800), amount which 'the Vendor' declares he has received from Elisa Soto Widow of Martínez, that is 'The Vendee,' on August nine, nineteen hundred and sixty-two, in legal currency of the United States of America, for which amount and motive I give this receipt."

From the deed it appears that on the date of payment the vendee was a widow.

■ (c) The Registrar invokes *Méndez* v. *Registrar of Caguas*, 32 P.R.R. 220 (1923), to support his contention that it is necessary to give the equivalence of the area of a farm in the metric system as provided in art. 9 of the Mortgage Law. The description made in the deed of the real property object of the sale substantially complies with the law, because the linear measurements of all its boundaries are expressed in the metric system. A simple arithmetic computation will show the area in the metric system. The best practice, however, and the one which should be followed by all notaries, is to state, as provided by the law, the complete equivalence in the metric system.

The description of the farm was stated as follows:

"Parcel of land situated in Barrio Asomante in the Municipality of Aibonito, with an area of one thousand eight hundred and fifty-three, I mean, one cuerda and eight hundred fifty-three thousandths (1.853 cuerdas), bounded on the north, along one hundred twenty-four meters and ninety-five centimeters, by the state road number seven hundred twenty-three; on the south, along two different lines which make seventy-eight meters and twenty-seven centimeters, by Cruz Esparra Heirs; on the east, along seventy-four meters and sixty-one centimeters by Antonio Emanuelli Heirs; and on the west, along fifty-eight

meters and seventy-five centimeters by the main farm from which it is segregated, which is a property of María Esparra Alvarado."

 It is fitting to indicate here that the mission to pass on the documents should not follow a literal criterion in the interpretation of the law and its application to the instruments presented for recording. The terms of the contract as a whole should be considered and the Registrar should not assume the position of constantly raising unsubstantial defects.

The note appealed from will be reversed and the cancellation of the defects is ordered.